# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCOTT VIVEIROS,<br>    Plaintiff<br><br>v.<br><br>PARMA DOORS, INC.,<br>SCOTT BROWNING, and JOHN DOES,<br>1 through 10, inclusive,<br>    Defendants | :<br>:<br>:<br>:<br>:    C.A. No.:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.* and the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I.G.L. §28-50-1, *et seq.*

### II. Parties

1. Plaintiff Scott Viveiros, at all times relevant to this action, was a resident of the Town of Foster, County of Providence, State of Rhode Island, and was an employee, within the meaning of the FLSA, the RIMWA, and the RIWPA, employed by Defendant Parma Doors, Inc.

2. Defendant Parma Doors, Inc. ("Parma") is a Rhode Island corporation that maintains a regular place of business in the Town of Smithfield, County of Providence, State of Rhode Island.

3. On information and belief, at all times relevant to this action, Defendant Scott Browning ("Browning") was a resident of the State of Rhode Island. In addition, on information and belief, Defendant Browning was president, director, manager, and/or officer of Defendant Parma. Defendant Browning has acted, at all times material herein, directly and indirectly in the interest of

Defendant Parma in relation to its employees and was, and is, therefore, an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

4. On information and belief, at all relevant times, John Does, 1 through 10 inclusive, were directors, managers, officers and/or employees of Defendant Parma and are sued in their individual and official capacities.[1]

5. At all relevant times, the Defendants were engaged in the stream of interstate commerce, and were the Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein*.

6. The Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through a unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

7. At all times hereinafter mentioned, the Defendants employed the Plaintiff in certain activities of Defendant Parma, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce.

8. Defendant Parma, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

### III. Jurisdiction

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367 and 29 U.S.C. §216(b).

---

[1] The Plaintiff will amend his Complaint to set forth the names and capacities of these unknown Defendants when ascertained.

## IV. Venue

10. Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

11. The Plaintiff worked at Defendant Parma from November, 2014 until on or about August 26, 2016, when his employment was terminated by the Defendants.

12. During his employment at Defendant Parma, the Plaintiff's primary job duties included, but were not limited to, installation of garage and entry doors.

13. At the time of his termination, the Plaintiff was paid $16.00 per hour.

14. During the duration of the Plaintiff's employment with the Defendants, the Defendants required the Plaintiff to work hours in excess of forty (40) hours in various workweeks without pay or overtime pay.

15. The FLSA and the RIMWA require an employer to pay its employees a minimum wage for each hour worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

16. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

17. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" employees from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1). The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U. S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

18. The Plaintiff's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. §541.100(a).

19. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

20. Nor did Plaintiff's primary duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

21. Despite the fact that the Plaintiff was a non-exempt employee, the Defendants failed to pay the Plaintiff minimum wage and overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

22. Beginning in the middle of August, 2016, the Defendants compelled the Plaintiff and other like employees to attend mandatory training sessions.

23. These mandatory training sessions were not voluntary and were directly related to the Plaintiff's job responsibilities as an installer.

24. The Defendants failed and/or refused to compensate the Plaintiff for the hours he spent attending these mandatory training sessions.

25. The Defendants have willfully and repeatedly violated the FLSA and the RIMWA for failing to pay the Plaintiff minimum wage for each hour worked and by employing the Plaintiff for workweeks longer than forty hours (40) without compensating him for his employment in excess of

forty (40) hours in said workweeks, at rates not less than one and one-half times his regular rate at which he was employed.

26. On or about August 2, 2016, after being told that he must attend another training session without pay, the Plaintiff complained to Defendant Browning.

27. During this conversation, the Plaintiff stated that he was not properly compensated by Defendant Parma for all hours worked during the mandatory training sessions.

28. Immediately after the Plaintiff requested to be properly paid for attending the training sessions, Defendant Browning terminated the Plaintiff's employment.

29. By terminating the Plaintiff, the Defendants discriminated and retaliated against the Plaintiff in violation of the FLSA and the RIWPA.

30. The Defendants' unlawful discriminatory actions and/or omissions are in violation of the FLSA, the RIMWA, and the RIWPA and were motivated by malice and ill will toward the Plaintiff, and Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

31. As a proximate result of Defendants' discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

### VI. Claims for Relief

32. The Plaintiff incorporates the allegations contained in ¶¶1 through 31 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §206

33. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Two
### Violation of FLSA, 29 U.S.C. §207

34. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Three
### Violation of FLSA, 29 U.S.C. §215(a)(3)

35. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by subjecting the Plaintiff to workplace discrimination and terminating his employment for reporting wage violations to the Defendants as his employer and supervisor, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Four
### Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.*

36. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for all hours worked, including regular pay and overtime compensation for all work in excess

of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### Count Five
### Violation of RIWPA, R.I.G.L. §28-50-1, *et seq.*

37. Defendant Parma, by its acts and/or omissions, including but not limited to, those described herein, violated the RIWPA by subjecting the Plaintiff to workplace discrimination and terminating his employment for reporting wage violations to the Defendants as his employer and supervisor, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-50-4.

### VII. Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that Defendants willfully violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein.

2. In the alternative, a declaratory judgment declaring that Defendants violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein.

3. A declaratory judgment declaring that Defendant Parma violated the RIWPA in the manner complained of herein.

4. An award of compensatory damages, plus pre-judgment interest thereon;

5. An award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a).

6. An award of reasonable attorneys' fees and costs of litigation.

7. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a).

8. An award of such other and further relief as this Honorable Court deems just and proper.

### IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, and Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

### CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 30th day of November, 2017 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano